# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRANDON K. HAWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-0529-CVE-TLW |
| | ) | |
| COOK PUMP COMPANY et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is HS Field Services, Inc.'s Motion to Set Aside Default Judgment (Dkt. # 31). Third-party Defendant HS Field Services, Inc. (HS) asks the Court to set aside the default (Dkt. # 28) entered by the Court Clerk. HS claims that defendant Constellation Energy Partners LLC (Constellation) filed third-party claims against HS, but it served process on Jack M. Hough with the knowledge that Hough was in poor health. Dkt. # 31, at 2. The Court has reviewed HS' motion and, to avoid unnecessary delays to the other parties, the motion should be ruled on without waiting for a response from Constellation.

Plaintiff Brandon K. Hawn filed this case alleging that he was injured in a workplace accident, and he has asserted claims of negligence and manufacturer's products liability against Cook Pump Company (Cook) and Constellation.[1] Constellation filed third-party claims (Dkt. # 10) for breach of contract and indemnification against HS, and it served Hough, the registered agent for HS, on April 8, 2014. Dkt. # 26. HS did not file an answer or other responsive pleading to the third-

---

[1]  Hawn alleges that Cook and Constellation were not his employers, but Constellation disputes this allegation and claims that it is treated as Hawn's employer under Oklahoma law. See Dkt. # 9, at 4.

party complaint, and Constellation asked the Court Clerk to enter HS' default. The Court Clerk entered HS' default (Dkt. # 28) on May 23, 2014, but Constellation has not filed a motion for entry of default judgment against HS. Even though HS has not filed an answer, it is represented by counsel and HS' counsel has entered an appearance in this case. Dkt. # 29. The parties have also filed a joint status report (Dkt. # 33) and HS participated in the preparation of the joint status report.

The Federal Rules of Civil Procedure authorize the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules. . . ." Fed. R. Civ. P. 55(a). The court may set aside the entry of default for "good cause shown." Fed. R. Civ. P. 55(c). The standard for setting aside entry of default "poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." Dennis Garberg & Associates, Inc. v. Pack-Tech Intern. Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997). "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" Pinson v. Equifax Credit Information Servs., Inc., 316 Fed. Appx. 744 (10th Cir. Mar. 10, 2009) (quoting Dierschke v. O'Cheskey, 975 F.2d 181, 183 (5th Cir. 1992)).[2] Default judgments are not favored, as the preferred practice is to decide cases on their merits. Katzson Bros., Inc. v. United States Environmental Protection Agency, 839 F.2d 1396, 1399 (10th Cir. 1988); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970). The defaulting party has the burden to prove that the entry of

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

default should be set aside. Nikwei v. Ross School of Aviation, Inc., 822 F.2d 939, 943 (10th Cir. 1987).

HS asks the Court to set aside the Court Clerk's entry of default, because its failure to answer the third-party complaint was not willful and Constellation will not be prejudiced if the Court Clerk's entry of default is set aside. Although HS complains that Constellation served process on Hough, the return of service states that Hough is the registered agent for HS and it appears that service was proper. See Dkt. # 26. However, HS states that Hough is in poor health and that he was not involved in the day to day operations of the business. Dkt. # 31, at 2. After receiving notice of the lawsuit, HS participated in the preparation of a joint status report (Dkt. # 33), and HS' default has not delayed the proceedings. There is no basis for the Court to find that Constellation would be prejudiced if the Court Clerk's entry of default were set aside. HS has also identified defenses it intends to raise in opposition to Constellation's third-party claims, and there is a strong preference for resolving claims on the merits. The Court finds that HS' motion (Dkt. # 31) to set aside the Court Clerk's entry of default should be granted.

**IT IS THEREFORE ORDERED** that HS Field Services, Inc.'s Motion to Set Aside Default Judgment (Dkt. # 31) is **granted**, and the Clerk's Entry of Default (Dkt. # 28) is **vacated**.

**IT IS FURTHER ORDERED** that HS' answer or other responsive pleading is due no later **June 24, 2014**.

**DATED** this 17th day of June, 2014.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE